"The jurors for the State, upon their oath, present that Wiley Fort and Samuel Gause, late of Bladen, on, etc., with force and arms and with strong hand, in said county, the window of the dwelling house of one Griffith J. Streety there situate, did break open against the peace and dignity of the State."
A motion was made to quash the indictment, because it did not allege that the proprietor was in the house, or actually present at the time, so as to show that the act had a tendency to a breach of the peace. The Solicitor contended that breaking a dwelling house with (333) strong hand was indictable at common law, whether the owner was present or not, because the law held dwelling houses to be sacred, and extended a peculiar protection to them. His Honor sustained the motion and quashed the indictment, and the Solicitor for the State appealed.
We are of opinion that the Superior Court did not err in quashing the indictment.
The law certainly has a great respect for the immunities of a man's dwelling, but the law has not deemed it necessary for their protection to hold every direct injury to it an offense against the public. Many of these injuries are properly redressed as private wrongs by actions at the instance of the person injured. The violent taking or withholding of thepossession of a man's house is indeed regarded as a public offense; and in an indictment for a forcible entry or detainer, the term manu forti, or with strong hand, being one used in statutes descriptive of the offense, is technically appropriate to designate the violence which is thus visited. In an indictment for a forcible entry it is not necessary to charge or to show that the proprietor was in the house, or present, at the time of the violent dispossession. But we find no authority for the position that a mere trespass upon the dwelling house, short of a violent taking or withholding of the possession thereof, is per se an offense against the community. If committed under such circumstances as necessarily involve a breach of the public peace, or have an immediate tendency to provoke it, then the act may rise from a private to a public wrong. But when prosecuted as a public wrong the indictment must show it to be such, and therefore must charge the circumstances which give to it this character. The epithet "with strong hand" cannot supply the want of the essential constituents of the offense. As connected with a mere trespass, it has no technical meaning, and amounts to no more than is expressed by the words force and arms. It does not imply the presence of the proprietor or of any of *Page 266 
his family — nor that the act created, or had a tendency to create, terror or indignation — and therefore does not charge an actual breach, (334) or such conduct as is tantamount to an actual breach, of the public peace. The judgment is affirmed.
PER CURIAM. Judgment affirmed.
Cited: State v. Whitfield, 30 N.C. 316; State v. Walker, 32 N.C. 235;State v. Caldwell, 47 N.C. 470; State v. Shepard, 82 N.C. 616.